UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS AND TERRE HAUTE DIVISIONS

UNITED STATES OF AMERICA,    )
    )
        Plaintiff,    )
    )
    v.    )    Cause No. 1:97-cr-0120-WTL-MJD-01
    )    2:00-cr-0012-WTL-CMM-01
MARK ERIC CHRIST,    )
    )
        Defendant.    )

**REPORT AND RECOMMENDATION**

On July 11, 2018, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on June 15, 2017. Defendant Christ appeared in person with his appointed counsel Dominic Martin. The government appeared by James Warden, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Chris Dougherty.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.    The Court advised Defendant Christ of his rights and provided him with a copy of the petitions. Defendant Christ waived his right to a preliminary hearing in open court.

2.    After being placed under oath, Defendant Christ admitted violations 1, 2, and 3. [Docket No. 8.]

3.    The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|

**1**      **"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."**

The offender submitted positive urine drug screens for cocaine on August 22, 2016, and May 24, 2017.

On March 4, 2017, the offender admitted he smoked Spice on March 2, 2017, the day he was arrested for Operating While Intoxicated and Possession of a Synthetic Drug.

**2**      **"The defendant shall not commit another federal, state, or local crime."**

Mark Christ was arrested on March 2, 2017, by an officer with the Indianapolis Police Department, and charged with Operating a Vehicle While Intoxicated Endangering a Person, A-misdemeanor, and Possession of a Synthetic Drug or Synthetic Lookalike Substance, A misdemeanor. The offender was released on his own recognizance the next day. This case was filed in Marion County Superior Court under cause number 49G081703MC008325, and is pending with a Pretrial Conference Scheduled for July 6, 2017. The probable cause affidavit indicates police responded to a call of a possible intoxicated driver outside the offender's place of employment. When police approached the vehicle, they observed it had a tire up on the curb and was in gear. The officer further observed the driver, Mark Christ, with glassy eyes and slurred speech. Mr. Christ at first told the officer that he had smoked marijuana that day. The officer then located a baggie containing a "green leafy substance" which the offender stated was "spice," and admitted he had smoked the spice while driving around the block.

**3**      **"The defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation office."**

The offender submitted two dilute urine screens on October 17, 2015, and August 24, 2016. The offender failed to report for a urine drug screen on May 23, 2017.

4.      The parties stipulated that:

      (a)      The highest grade of violation is a Grade B violation.

      (b)      Defendant's criminal history category is VI.

      (c)      The range of imprisonment applicable upon revocation of supervised
            release, therefore, is 21 to 27 months' imprisonment.

5.      The parties jointly recommended the defendant be released on modified

conditions of supervised release.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more

fully set forth on the record, finds that the Defendant violated the conditions in the petition, that

his supervised release should be modified.  In addition to the mandatory conditions of

supervision, the following conditions of supervised release will be imposed:

1.  You shall report to the probation office in the district to which you are released within
    72 hours of release from the custody of the Bureau of Prisons.

2.  You shall report to the probation officer in a manner and frequency directed by the
    court or probation officer.

3.  You shall permit a probation officer to visit you at a reasonable time at home, or another
    place where the officer may legitimately enter by right or consent, and shall permit
    confiscation of any contraband observed in plain view of the probation officer.

4.  You shall not knowingly leave the judicial district without the permission of the court
    or probation officer.

5.  You shall answer truthfully the inquiries by the probation officer, subject to your 5th
    Amendment privilege.

6.  You shall not meet, communicate, or otherwise interact with a person you know to be
    engaged, or planning to be engaged, in criminal activity.  You shall report any contact
    with persons you know to be convicted felons to your probation officer within 72 hours
    of the contact.

7.  You shall reside at a location approved by the probation officer and shall notify the
    probation officer at least 72 hours prior to any planned change in place or
    circumstances of residence or employment (including, but not limited to, changes in

residence occupants, job positions, job responsibilities).  When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8.  You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9.  You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.  .

Justification:  Conditions 1-13 are considered administrative in nature and will enable the probation officer to effectively supervise the offender with the community.

14. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer, and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.  Justification:  This condition will address the defendant's history of substance abuse.

15. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

16. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

17. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

18. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.

19. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

20. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: substance abuse treatment. The probation officer shall determine your ability to pay and any schedule of payment.

Defendant reviewed the foregoing conditions and they were reviewed by Defendant with his attorney. Defendant, on the record, waived reading of the above-noted conditions of supervised release. The following additional condition was read on the record:

21. You shall serve a total of twenty (20) days of intermittent confinement for ten (10) consecutive weekends at the Volunteers of America facility commencing as soon as possible as directed by the probation officer. You shall report at 5:00 p.m. on Friday and shall be released no later than 5:00 p.m. on Sunday. You shall comply with the rules and regulations set forth by the facility.

Defendant Christ is released on conditions of supervised released pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Date: 7/31/2018

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal